PEOPLE ex rel. NEW YORK CENT. & H. R. R. CO. v. STATE BOARD OF
TAX COM'RS.

(Supreme Court, Special Term, Albany County. July 19, 1910.)

1. TAXATION (§ 496*)—REVIEW OF ASSESSMENT—SPECIAL FRANCHISE TAX—
CHANGE OF VENUE—DISCRETION.

Under Consolidated Tax Law (Consol. Laws, c. 60) § 293, as amended
by Laws 1909, c. 330, providing that on motion of either party the court
may direct the place of trial changed to the county in which the special
franchise under review is situated, whether the place of trial of proceed-
ings to review franchise taxes should be changed, on the application of
the Attorney General, is within the discretion of the court to which the
application is made.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 496.*]

2. TAXATION (§ 496*)—REVIEW OF ASSESSMENT—SPECIAL FRANCHISE TAX—
CHANGE OF VENUE—GROUNDS.

Where several proceedings to review a corporation's franchise tax could
be as expeditiously heard in Albany county, where they arose, as in New
York county, where it was sought to transfer them, and there was no con-
venience of witnesses to be subserved, an application for change of venue
will be denied.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 496.*]

Certiorari by the People of the State of New York, on the relation
of the New York Central & Hudson River Railroad Company, against
the State Board of Tax Commissioners. On application for change of
place of trial from Albany to New York county. Denied.

Alexander S. Lyman, for relator.
Edward R. O'Malley, Atty. Gen., for the People.

LE BŒUF, J. This application is made to remove nine actions
to review the special franchise assessments of the relator on Park
avenue, in the city of New York, made by the State Board of Tax
Commissioners for the years 1900 to 1908, inclusive. All of these
actions have been tried before and finally submitted to Hon. James G.
Graham, of New York City, as referee, to hear and report to the court
his opinion therein. The testimony has all been taken, and the parties
are awaiting the findings of the referee. With the application made
in these nine cases, a similar application is made to change the place
of trial in a similar action, brought to review the special franchise
assessment for the year 1909 upon the same property. This action has
not been tried nor referred.

It is substantially claimed by the counsel for the State Board that,
because the Attorney General makes the application under section 293
of the consolidated tax law (Consol. Laws, c. 60), as amended by Laws
1909, c. 330, no cause need be shown. The language of the section is:

"On motion of either party the court may direct the place of trial changed
to the county in which the special franchise under review is situated."

Had the legislative intent been as claimed by the Attorney General,
no discretion would have been left to the court, and no such language

would have been used.  It is apparent that some special reason must be shown the court why such an application should be granted.

It is then claimed that cause exists, because the Attorney General will not object to the moving of "all these proceedings on for trial at one time, thus giving the justice who will hear the same the full benefit that the referee would have in considering the voluminous testimony of early cases."  It is evidently the intention to move the ten cases, including that of 1909, at one time.  It is claimed that there is no Special Term sitting in Albany county at which the cases can be tried during the summer, and that under special rule II, applying to New York county, the cases can all be disposed of at one time.  Special rule II provides that:

"Motions to confirm a referee's report, and for final judgment in any action or proceeding in which an issue of fact has been tried by a jury or by a referee, where application to the court for final judgment or final order is necessary, * * * may be noticed for, and made at, Part 1 of the Special Term for the hearing of litigated motions upon any day of the July, August and September terms when Part 3 of the Special Term is not in session.  The justice assigned to Part 1 of the Special Term, if he does not deem it important that such application should be heard during the time when Part 3 is not in session, may adjourn the same to the next term of Special Term, Part 3."

Special Term, Part 3, at which such applications are usually heard, is not in session, and will not be in session until October.  Special Term, Part 1, is the crowded term at which litigated motions are heard in New York county during the summer time.  It is not an extraordinary term for the actual trial of special franchise tax cases, nor is it the term at which the assessment of 1909 could or would be tried.  If the referee files his report in all of the cases submitted to him, as is reasonably probable, those cases then might be heard at the Special Term, Part 1, unless the court refuses to entertain them because of the press of business, and adjourns them over to Special Term, Part 3, in October.  The trial of the 1909 assessment would not take place before the same justice who might pass in Special Term, Part 1, upon the nine other cases.

There is no reason, so far as the convenience of witnesses is concerned, in these cases, for the change of the place of trial.  A reason of that character does exist in the case of the 1909 assessment, because that case has not yet been tried or submitted.  Two Special Terms are to be held in the city of Albany during July and August, and three Special Terms during September, at which the matters desired to be heard in these cases might be heard before the October Term.  It might, indeed, be possible to argue an appeal from final orders granted during the summer at Albany at the term of the Appellate Division to be held on the second Tuesday of September.

No sufficient cause for the change of place of trial of the nine cases having been shown, the application is denied, but without costs.